```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
                          1. CAPTION OF ACTION
ZHANE Y. STRONG,
                                                      CIVIL RIGHTS COMPLAINT
                                      Plaintiff,

       -against-

MUNICIPAL CITY OF LOCKPORT;
MUNICIPAL COUNTY OF NIAGARA;
J. HAYES, Social Services Worker;
A. Irons-Rindfleischm, Niagara County Sheriff
Investigator;
BRANDY DENOTE, Social Service Worker;
SUSAN B. BJORNHOLM, Assistant District Attorney;      COMPAINT   DOCKET.
WILLIAM WATSON, Lockport City Court Judge,            NO,
BRIAN D. SEAMAN, Niagara County District Attorney;
                                                      22 CV 238 JLS
                                      Defendants;


          2. STATEMENT OF JURISDICTION, VENUE AND NATURE OF SUIT

A. BASIS OF JURISDICTION IN FEDERAL COURT: 42 USC §1982 ,1981(a),1986;
28 USC 1331,1343(3) & (4), pendent jurisdiction over state law claims
pursuant to United   Mine Workers v Gibbs,383 US 715,726 -727 (1966)
42 USC §1985(3)

B. Basis of jurisdiction in Western District: Material events occurred
in Western District of New York and parties reside therein.

C. Nature of suit: Civil rights violations, defamation of character,
deprivation of federally protected rights, conspiracy.

          3. PARTIES TO THIS ACTION

PLAINTIFF'S INFORMATION
Name of Plaintiff: ZHANE Y. STRONG
Present Address: 1357 SOUTH AVENUE, NIAGARA FALLS, NEW YORK 14301


DEFENDANTS' INFORMATION:
NAME OF DEFENDANT: MUNICIPAL CITY OF LOCKPORT, NEW YORK
Present Address: 1 LOCKS PLAZA, LOCKPORT, NEW YORK 14094

NAME. OF SECOND DEFENDANT: MUNICIPAL COUNTY OF NIAGARA
Present Address: COUNTY ATTORNEY OFFICE,175 HAWLEY STREET, LOCKPORT,
                 NEW YORK 14094

Name of THIRD DEFENDANT: J. HAYES, SOCIAL WORKER
Present Address: 20 EAST AVENUE, LOCKPORT, NEW YORK 14094

NAME OF FOURTH DEFENDANT: A. Irons-Rindfleischm, Niagara County Sheriff
                              Investigator

1

Present Address: NIAGARA COUNTY SHERIFF'S DEPARTMENT, 5526 NIAGARA
                 STREET EXT., LOCKPORT, NEW YORK 14094


NAME OF FIFTH DEFENDANT: BRANDY DENOTE, Social Service Worker
Present Address: 301 TENTH STREET, NIAGARA FALLS, NEW YORK 14303


NAME OF SIXTH DEFENDANT: SUSAN B. BJORNHOLM, ASSISTANT DISTRICT ATTORNEY
         Present Address: DISTRICT ATTORNEY, NIAGARA COUNTY, 175 HAWLEY
         STREET, LOCKPORT, NEW YORK 14094

NAME OF SEVENTH DEFENDANT: WILLIAM WATSON, LOCKPORT CITY COURT JUDGE
Present Address: 1 LOCKS PLAZA, LOCKPORT, NEW YORK 14094

NAME OF EIGHTH DEFENDANT: BRIAN D. SEAMAN, Niagara County District Attorney
Present Address: Courthouse, 175 Hawley Street, Lockport, New York 14094

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURTS

PREVIOUS LAWSUITS: NONE


### 5. STATEMENT OF CLAIM

FIRST CLAIM: On March 12, 2018, I was 18 years old ██████████ and was enrolled in Niagara Falls High School as a student. I also resided with my father, PAUL STRONG.

According to information and belief, my enrollment in High School made me eligible for SNAP (SUPPLEMENTAL NUTRITION ASSISTANCE) benefits. This is well known by Department of Social Services employees and is stated in regulations such as 18 NYCRR 387.1

Also, as a Student I was eligible for SNAP benefits for being in a state/federally funded work-study program; or worked for an average of 20 hours per week and was paid for such work.

I was employed by Tops Markets from ██████████ to ██████████ and received an average of 20 hours pay per week which, again, made me eligible for SNAP benefits.

Yet, despite my clear eligibility for SNAP in various ways, the defendants acted together to falsify claims that including me as SNAP eligibility by my father was fraud and criminal thereby creating a pall of suspicion that I was involved in criminal activity when in fact no crime or fraud was committed because I was in fact eligible to receive SNAP benefits.

I have no criminal record and the fraudulent use of my name to bring criminal charges against my father who acted legally in all respects defames my character and damages my reputation. I am currently enrolled in a college and intend to seek a career in the field of criminal justice.

Notably, under Title 18 NYCRR 387.14 "Determination of Supplemental Nutrition Assistance Program (SNAP) eligibility" it states that (a) A household's eligibility is determined by considering the household's circumstances for the entire month during which the application is made".

The regulation goes on to state the following:

> (5) Categorically eligibility)
> (1) Categorically eligible households are exempted from the gross and net income limits as defined in section 387.10 of this part. Categorically eligible households are presumed, without further investigation or limitations or verification, to meet the resource limits as set forth in section 389.9 of this Part as a result of all members of the household being eligible for family assistance, nonemergency safety net assistance and/or SSI.

My family included at the relevant time a total of five siblings including my self all of whom were eligible for the SNAP family assistance at the relevant time of 3/12/2018 to September 2018.

The defendants all participated in filing felony and misdemeanor complaint.; against my father PAUL STRONG who committed no crime at all. The defendants relied on fabricated, falsified, blatantly untrue claims that because my name was included in the SNAP application a crime was being committed.

Further, it has been clearly established law for more than thirty-five years since 1984 that where a prosecution is based on known false evidence such prosecution in void and cannot stand. See, e.g., People v Pelchat, 62 NY2d 97(1984)(reversing and dismissing a criminal indictment where the prosecutor presented false evidence to the Grand Jury and holding that the resultant indictment was rendered fatally defective and that the error was non-waivable mandating dismiss of the indictment even though no prior motion was made and the issue was raised for the first time on direct appeal in that case)

The filing of false charges based solely on the fraudulent, malicious and blatantly untrue claim that I was ineligible for the SNAP benefits makes void the criminal prosecution similar to the case of People v Pelchat, supra. Such clearly established law deprives the defendants of any of the defenses of absolute and qualified immunity and other defenses.

This claim is based on the 14th Amendment's Due Process and Equal Protection Clauses and is made against all named defendants who all acted under color of state or local law pursuant to 42 USC §1983.

The defendants all acted in concert with each other by making sworn affidavits, felony complaints, conducting criminal prosecutions and related conduct fraudulently, intentionally and/or recklessly claiming I was not eligible for the SNAP benefits and implicating my name in a void and fraudulent criminal matter and taking no action to prevent the wrongs being perpetrated.

SECOND CLAIM; This claim adopts and incorporates factual allegations set forth under the "FIRST CLAIM" as though fully set forth here and asserts that defendants' actions were knowingly taken against me and my family who are all Black African American Citizens. The acts of fraud, lies and deception fairly support a claim of racial discrimination by the actors. To the extent that any defendant might claim they did not commit the acts involved, that is countered by assertions that all defendants knew of the fraud and/or recklessly disregarded the fraud thereby making them liable under state law tort principles. See, e.g., Brown v State of New York, 89 NY2d 172, 652 NYS2d 223 (1996) (holding that the court has jurisdiction pursuant to New York State Constitution, Art.1, §§ 11,12 to imply a remedy from constitutional provisions or legislation and Section 874A of the Restatement (Second) of Torts)

Federal courts have jurisdiction over state law claims pursuant to United Mine Workers v Gibbs, 383 US 715, 726-727 (1956)

Accordingly, this Second Claim asserts a state law Tort/Negligence Claim against the municipal defendants based on actions of their municipal policymaking officials who may be held liable for a single act done by a policymaker. See Pembaur v City of Cincinnati, 472 US 1986 (which establishes that municipalities can be held liable even for a single decision that is improperly made by municipal policymakers)

THIRD CLAIM: This claim adopts and incorporates the factual allegations set forth under the "FIRST CLAIM" as though full set forth here and asserts that defendants' actions indicate a class-based, invidiously discriminatory animus against Black African American families which may be inferred from the fraud, deception, lies and recklessness which are indicated in this case.

This claim is brought pursuant to 42 USC §1985(3) as a conspiracy to deprive me of Equal Protection of the Laws in violation of the Equal Protection Clause of the 14th Amendment based on a class-based, invidious discriminatory animus.

FOURTH CLAIM: This claim adopts the factual allegations set forth under the "FIRST CLAIM" and incorporates them as though full set forth here and asserts that defendants had a duty to prevent a known section 1985(3) conspiracy that is involved herein (SEE CLAIM THREE ABOVE) and defendants neglected and failed to prevent such conspiracy and instead assisted in perpetuating such conspiracy by, inter balia, filing fraudulent felony and misdemeanor complaints (WHICH I POSSESS AND WILL PROVIDE TO THIS COURT) and conducting or assisting in conducted criminal prosecutions against my father PAUL STRONG using my name and fabrications that I was not eligible for SNAP benefits.

FIFTH CLAIM: This claim adopts and incorporates the factual allegations set forth under the "FIRST CLAIM" as though fully set forth here and asserts that defendants acts were fairly inferable racial acts against me and my family who are Black African American Citizens. All persons within the jurisdiction of the United States shall have the same right in every State and Territory...and to the full and equal benefit of all laws...as is enjoyed by white persons and shall be subject to like punishments...and no other". 42 USC §1981(a)

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law. Sea 42 USC §1981(c).

Accordingly, this claim is based on 42 USC §1981(a),(c).

SIXTH CLAIM: This claim adopts and incorporates the factual allegations of the "FIRST CLAIM" and asserts a claim "MALICIOUS PROSECUTION" against the defendants who (a) fraudulently included my name as ineligible for SNAP benefits as the sole basis for a criminal prosecution; (b) there was a lack of reasonable and probable cause for the prosecution; (c) the prosecution ended in my favor; (d) the defendants acted maliciously with improbable motive and not to further the ends of justice. No charges were sustained and no judgment was obtained against me thus indicating my innocence. See Lanning v City of Glen Falls, No. 17-970(2d Cir.2013); 908 F.2d 19(there has been (1) initiation of a criminal prosecution;(2) without probable cause, (3) malice, (4) termination of the prosecution in my favor)

SEVENTH CLAIM: This claim asserts DEFAMATION OF CHARACTER as a State Law Tort claim. See Brown v State of New York, supra.

## 6.SUMMARY OF RELIEF SOUGHT

AD DAMNUM CLAUSE: Plaintiff requests the following relief: 1) compensatory damages of two hundred fifty thousand dollars on each cause of action to be assessed jointly and severally against the defendants in their individual and/or official capacities to be assessed in the same amount as punitive damages jointly and severally on each count/cause of action; 2) order Granting pendent jurisdiction over state law claims; (3) an order granting such further relief as may be deemed just and equitable; 4) an order directing no retaliation against me or family members for bringing this lawsuit; 5) an order directing the U.S. Marshals to serve my complaint on each named defendant; 6) an order granting a jury trial on the claims herein: 6) an order construing my complaint to give the strongest arguments suggested as provided in Second Circuit rulings.

Dated: March 16, 2022

DocuSigned by:
ZHANE STRONG
EC2E861E80324EE
ZHANE Y. STRONG (PRO SE)
1357 South Avenue
Niagara Falls, New York 14301

## VERIFICATION

State of New York)

County of Niagara) SS:

    ZHANE Y. STRONG, being duly sworn, deposes and says that I am the Plaintiff in the within matter and have read and know the contents of the complaint herein; that such contents are true to the best of my knowledge, except as to matters alleged upon information and belief, and as to those matters I believe them to be true.

Dated: March          ,2022

SWORN TO BEFORE ME THIS

16th DAY OF March          ,2022

_____
NOTARY PUBLIC

_____
ZHANE Y. STRONG
1357 SOUTH AVENUE
NIAGARA FALLS, NEW YORK
14301

```
LAKEA A PERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01PE6429192
Qualified in Niagara County
My Commission Expires Feb. 07, 2026
```

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  **Niagara**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Niagara**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1982   28 USC 1331, 1343 - 45 715, 726 - 727   42 USC 1985

Brief description of cause: 42 USC 1982   28 USC

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1.75 Million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  **3-22-22**

SIGNATURE OF ATTORNEY OF RECORD  *Shane Strong*  Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____