**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ZHANE Y. STRONG,**

                **Plaintiff,**

      **v.**                                                           **22-CV-238 (JLS) (HKS)**

**MUNICIPAL CITY OF LOCKPORT,**
**MUNICIPAL COUNTY OF NIAGARA, J.**
**HAYES, Social Services Worker, A.**
**IRONS-RINDFLEISCHM, Niagara**
**County Sheriff Investigator, BRANDY**
**DENOTE, Social Services Worker,**
**SUSAN B. BJORNHOLM, Assistant**
**District Attorney, WILLIAM WATSON,**
**Lockport City Court Judge, and BRIAN**
**D SEAMAN, Niagara County District**
**Attorney,**

                **Defendants.**

---

### <u>REPORT, RECOMMENDATION AND ORDER</u>

The Honorable John L. Sinatra referred this case to the undersigned for all

pretrial matters and to hear and report upon dispositive motions pursuant to 28 U.S.C.

§§ 636(b)(1)(A), (B) and (C). Dkt. 25. *Pro se* Plaintiff Zhane Y. Strong filed a complaint

against Defendants asserting various federal civil rights and state-law claims. Dkt. 1.

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

for lack of jurisdiction and failure to state a claim. Dkts. 5, 17, 19.[1] Plaintiff opposed

---

[1] Defendants Municipal City of Lockport and Watson moved to dismiss on April 14, 2022. Dkt. 5. Watson again moved to dismiss on May 16, 2022. Dkt. 17. On May 19, 2022, the remaining Defendants - Municipal County of Niagara, Susan B. Bjornholm, Brian D. Seaman, A. Irons-Rindfleischm, Brandy Denote, and J. Hayes -moved to dismiss. Dkt. 19.

(Dkt. 21), and Defendants replied. Dkts. 22, 23. Plaintiff subsequently moved for summary judgment (Dkt. #27), which was stayed pending resolution of Defendants motions to dismiss. Dkt. #31. For the following reasons, the Court recommends that Defendants' motions be GRANTED and Strong's complaint be DISMISSED.

## BACKGROUND

According to Strong's allegations, her enrollment in high school and employment status made her eligible to receive SNAP benefits in 2018. Dkt. 1, at 2. Despite her eligibility, Strong alleges that Defendants "acted together to falsify claims" that her father fraudulently listed her as an eligible recipient on his application for SNAP benefits. *Id.* Defendants filed felony and misdemeanor charges against Strong's father. *Id.* at 3. Strong contends that the "filing of false charges based solely on the fraudulent, malicious and blatantly untrue claim that [she] was ineligible for the SNAP benefits makes void the criminal prosecution [against her father]." *Id.* Strong alleges that Defendants "acted in concert with each other by making sworn affidavits, felony complaints, conducting criminal prosecutions and related conduct fraudulently, intentionally and/or recklessly[.]" *Id.* Strong further alleges that Defendants' "acts of fraud, lies and deception fairly support a claim of racial discrimination." *Id.* at 4.

According to Strong, the "fraudulent use" of her name to bring criminal charges against her father defames her character and damages her reputation. *Id.* at 2. Strong therefore asserts claims under 42 U.S.C. §§ 1981, 1983, and 1985(3) and state-law claims for negligence, malicious prosecution, and defamation. *Id.* at 2–5. She seeks compensatory damages in the amount of $250,000 on each cause of action against Defendants in their individual and/or official capacities. *Id.* at 5.

**LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all factual

allegations as true and draws all reasonable inferences in the plaintiff's favor. *Simon v.*

*KeySpan Corp.*, 694 F.3d 196, 198 (2d Cir. 2012). "Specific facts are not necessary,"

and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal

quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216

(2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently

pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is

obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights

violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings

submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of

Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

**DISCUSSION**

**I.  FEDERAL CLAIMS**

    **A.  Strong Lacks Standing to Challenge Alleged Constitutional Deprivations Experienced by her Father.**

Strong asserts claims under 42 U.S.C. § 1983 based on an alleged violation of

due process and equal protection under the Fourteenth Amendment.[2] Dkt. 1, at 3. All of

---

[2] Plaintiff also asserts a claim under 42 U.S.C. § 1981. Section 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). To state a discrimination claim under the Fourteenth Amendment Equal Protection Clause and/or § 1981, a plaintiff "must sufficiently allege that defendants acted with discriminatory intent." *Burgis v. New York City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015). A plaintiff's "naked allegation" of racial discrimination on the part of a defendant "is too conclusory to

Strong's allegations, however, relate to an alleged criminal prosecution of her father. *See* Dkt. 1, at 2–3. She alleges that her father's prosecution was "based solely on the fraudulent, malicious and blatantly untrue claim that [she] was ineligible for the SNAP benefits[.]" Dkt. 1, at 3. Defendants therefore argue that Strong lacks standing to assert these claims. Dkt. 18, at 6; Dkt. 19-2, at 9. Strong argues that she has standing because her name has "indisputably been used and implicated as wrongly involved in Welfare fraud and larceny[.]" Dkt. 21, at ¶ 22.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was committed by a person acting under the color of state law." *Brodeur v. City of New York*, 182 F.3d 898 (2d Cir. 1999). It is well-settled that "a cause of action may not be asserted pursuant to Section 1983 for emotional distress, loss of society, loss of services, or any other consequent collateral injuries allegedly suffered personally by a victim's family members." *Love v. Riverhead Cent. Sch. Dist.*, 823 F. Supp. 2d 193, 199 (E.D.N.Y. 2011); *accord Collins v. W. Hartford Police Dep't*, 324 F. App'x 137, 139 (2d Cir. 2009) (summary order) (holding that plaintiff "has no standing to challenge

---

survive a motion to dismiss." *Andrews v. Fremantlemedia, N.A., Inc.*, 613 F. App'x 67, 69 (2d Cir. 2015) (summary order); *see Babiker v. Ross Univ. Sch. of Med.*, No. 98 CIV 1429 THK, 2000 WL 666342, at *4 (S.D.N.Y. May 19, 2000), *aff'd*, 86 F. App'x 457 (2d Cir. 2004) ("Mere conclusory allegations of discrimination do not suffice to support a § 1981 claim.") (citation omitted). Here, Strong alleges no facts to support her conclusory allegations of discrimination, and therefore fails to state a claim for discrimination under 42 U.S.C. §§ 1981 or 1983. Moreover, any claim brought under § 1981 "must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Id.* Here, Strong fails to allege the existence of any contractual relationship and thus fails to state a claim under section 1981. *See Burrell v. AT&T Corp.*, No. 03 CIV 2490(SAS), 2005 WL 2656124, at *3 (S.D.N.Y. Oct. 18, 2005) ("Because plaintiff has no contractual relationship with any defendant she is not covered under section 1981.").

constitutional deprivations alleged to have been experienced by his mother—among other things, the appointment of her conservator, the freezing of her accounts, and the taking of her property"); *Baez v. Pinker*, No. 13-CV-9165 KBF, 2015 WL 3457277, at *4 (S.D.N.Y. June 1, 2015), *aff'd*, 673 F. App'x 50 (2d Cir. 2016) ("A plaintiff lacks standing to bring a § 1983 claim on their own behalf based upon a deprivation of their loved ones' rights or for emotional stress caused by such a deprivation."); *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) (holding that plaintiffs lacked standing to challenge the alleged constitutional violations suffered by their father and uncle); *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) ("A party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution.") (footnote omitted). Accordingly, Plaintiff lacks standing to challenge alleged constitutional deprivations experienced by her father. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) (finding that the plaintiff lacked standing to bring section 1983 false arrest and malicious prosecution claims arising out of [another]'s arrest and prosecution). The Court therefore recommends that Strong's section 1983 claims based on her father's alleged prosecution be DISMISSED.

**B.    Strong Fails to State a Defamation Claim under Section 1983.**

The only individual injury that Strong identifies is "the fraudulent use of [her] name to bring charges against [her] father" which "defames [her] character and damages [her] reputation." Dkt. 1, at 2. Defamation, however, "is an issue of state law,

not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). While, in limited circumstances, the "stigma plus" doctrine may provide a remedy for government defamation under federal constitutional law, this is not such a case. *See id.*

To prevail on a "stigma plus" claim, "a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id.* (quotation marks and citation omitted). The state-imposed burden or alteration of status "must be '*in addition* to the stigmatizing statement.'" *Id.* (citation omitted). Thus, "even where a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process." *Id.* Moreover, "deleterious effects [flowing] directly from a sullied reputation, standing alone, do not constitute a plus under the 'stigma plus' doctrine." *Id.* (quotation marks and citation omitted). "Burdens that can satisfy the 'plus' prong under this doctrine include the deprivation of a plaintiff's property, and the termination of a plaintiff's government employment." *Id.* (citations omitted).

Here, even if Strong could establish the merits of a defamation claim, she fails to allege any "plus factor" sufficient to implicate a constitutionally protected liberty or property interest. Strong alleges that the "fraudulent use of [her] name" defames her character and damages her reputation by "creating a pall of suspicion that [she] was involved in criminal activity when in fact no crime had been committed[.]" Dkt. 1, at 2. She also alleges that she is currently enrolled in college and intends to seek a career in

the field on criminal justice. *Id.* These are "deleterious effects [flowing] directly from a

sullied reputation," which "standing alone, do not constitute a plus under the 'stigma

plus' doctrine." *Sadallah*, 383 F.3d at 38. The "impact that defamation might have on job

prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other

typical consequence of a bad reputation are not sufficient to meet the 'plus' prong of the

test." *Vaher v. Town of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 601 (S.D.N.Y. 2015)

(citation omitted). Accordingly, Plaintiff fails to state a defamation claim under section

1983, and the Court recommends that this claim be DISMISSED.

### C. Strong's Claims under 42 U.S.C. § 1985 Must Be Dismissed Because She Fails to Plausibly Allege an Underlying Constitutional Violation.

Strong also asserts a claim for conspiracy under 42 U.S.C. § 1985. Dkt. 1, at 4.

She alleges that Defendants conspired to deprive her of equal protection in violation of

the Fourteenth Amendment. *Id.* To state a claim for conspiracy under 42 U.S.C. 1985, a

plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class

of persons of the equal protection of the laws, or the equal privileges and immunities

under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the

plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the

United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)

"[I]n the absence of a valid § 1983 claim," however, "there can be no § 1985

claim." *Ifedigbo v. Buffalo Pub. Sch.*, No. 13-CV-637S, 2018 WL 1256197, at *17

(W.D.N.Y. Mar. 12, 2018); *see Walker v. Rivera*, No. 122CV560DNHTWD, 2022 WL

2341544, at *5 (N.D.N.Y. June 29, 2022) ("[A] § 1985 conspiracy claim fails as a matter

of law where there is no underlying constitutional violation."), *report and*

*recommendation adopted,* No. 1:22-CV-560, 2022 WL 2805477 (N.D.N.Y. July 18,

2022); *O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004) ("In

the absence of any claim establishing a violation of civil rights, the court must also

dismiss claims of conspiracy brought under § 1985."). Here, Strong's failure to plausibly

allege a claim under section 1983 is thus fatal to her conspiracy claim under section

1985. *See Biehner v. City of New York*, No. 21-2922, 2023 WL 3486237, at *2 (2d Cir.

May 17, 2023) (affirming dismissal of the plaintiff's claim under 42 U.S.C. § 1985

because "she failed to adequately allege an underlying violation of her constitutional

rights"); *Oliver v. Penny*, No. 21-111, 2022 WL 2165814, at *3 (2d Cir. June 16, 2022)

(stating that the plaintiff's claims for conspiracy under 42 U.S.C. §§ 1983 and 1985

"failed because she did not plausibly allege an underlying constitutional violation");

*Odom v. Baker*, No. 02-CV-757F, 2008 WL 281789, at *4 (W.D.N.Y. Jan. 31, 2008)

("[B]ecause Plaintiff has failed to state a valid § 1983 claim based on the alleged

predicate violation of Plaintiff's due process rights with respect to the loss of his

property, it follows that Plaintiff has also failed to state a valid claim under § 1985(3) for

conspiracy to deprive Plaintiff of property."). The Court therefore recommends that

Plaintiff's conspiracy claim under 42 U.S.C. 1985(3) be DISMISSED.

## II.  STATE LAW CLAIMS

### A.    The Court Should Decline to Exercise Supplemental Jurisdiction over Strong's State-Law Claims.

Strong also asserts state law claims for negligence, malicious prosecution, and

defamation. Dkt. 1, at 4–5. The Second Circuit has repeatedly stated that "if a plaintiff's

federal claims are dismissed before trial, 'the state claims should be dismissed as well.'"

*Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E.*

*Meadow Union Free Sch. Dist.,* 514 F.3d 240, 250 (2d Cir. 2008)); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). "This is particularly so where—as in this case—a plaintiff's 'federal-law claims were eliminated on a motion to dismiss, prior to the investment of significant judicial resources,' and the court can 'discern no extraordinary inconvenience or inequity occasioned by permitted the claims to be refiled in state court.'" *Lilly v. Swick*, No. 19CV176JLSHKS, 2023 WL 3559698, at *2 (W.D.N.Y. May 18, 2023) (quoting *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006)). Accordingly, because Plaintiff fails to state a valid federal claim, the Court recommends that supplemental jurisdiction over Plaintiff's state-law claims be declined, and those claims be DISMISSED. *See, e.g., People by James v. Niagara-Wheatfield Cent. Sch. Dist.*, No. 21CV759JLSLGF, 2022 WL 3699632, at *3 (W.D.N.Y. Aug. 26, 2022) (declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claim where the court lacked jurisdiction over the federal claim). In any event, Plaintiff's state-law claims must be dismissed on other grounds.

## B.    Strong Fails to State a Claim Against the Municipal Defendants.

Defendants argue that Strong's claims against the municipal Defendants must be dismissed for failure to file a notice of claim. Under New York law, a notice of claim is a condition precedent to bring a tort action against a municipality. *See* N.Y. Gen. Mun. Law § 50-e ("In any case founded upon tort" against a municipality, a notice of claim

shall be served "within [90] days after the claim arises."). Notice of claim requirements "are construed strictly by New York state courts." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citation omitted). Courts in this circuit "have routinely applied the notice-of-claim requirement to defamation claims." *Poole v. Hawkins*, No. 18-CV-443 (MKB), 2021 WL 695119, at *9 (E.D.N.Y. Feb. 23, 2021) (collecting cases). Thus, failure to comply with these requirements "ordinarily requires a dismissal for failure to state a cause of action." *Hardy*, 164 F.3d at 794.

Here, Strong does not allege that a notice of claim was served on any of the municipal Defendants. *See* Dkts. 1, 21. Accordingly, Strong's state-law claims against the municipal defendants must be dismissed. *See Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (summary order) (dismissing negligence claim against county employee where plaintiff failed to timely file notice of claim); *Johnson v. Tudisco*, No. 17-CV-8621 (NSR), 2020 WL 363647, at *9 (S.D.N.Y. Jan. 21, 2020) ("Although the Court must construe the *pro se* Plaintiff's [complaint] liberally, the Court cannot exempt Plaintiff from notice of claim requirements under New York law."); *Gaston v. New York City Dep't of Health Off. of Chief Med. Exam'r*, 432 F. Supp. 2d 321, 327 (S.D.N.Y. 2006) (dismissing libel and defamation claims for failure to file a timely notice of claim).

### C.    Strong Fails to State a Claim for Malicious Prosecution

To state a claim for malicious prosecution under New York law, a plaintiff must allege that "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and[ ] (4) the matter terminated in plaintiff's favor." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010). Here, there is no allegation that any prosecution

was initiated against Plaintiff. Rather, Strong alleges that Defendants initiated a prosecution against Plaintiff's father. Strong thus fails to state a claim for malicious prosecution under New York law. *See Scott v. City of New York*, No. 19-CV-6289 (JPO), 2022 WL 846929, at *4 (S.D.N.Y. Mar. 22, 2022) (holding that the plaintiff's malicious prosecution claim failed as a matter of law because he was never prosecuted).

### III. LEAVE TO AMEND

Although district courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, *see Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000), leave to amend need not be given where "a proposed amendment would be futile." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Here, the Court finds that any amendment to Strong's federal claims would be futile. Strong lacks jurisdiction to challenge the alleged constitutional deprivations of Plaintiff's father, and a liberal reading of the complaint does not give "any indication that a valid claim [for defamation under section 1983] might be stated," *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991), because there is no indication that Strong's allegations implicate a constitutionally protected interest. *See Book v. Tobin*, 263 F. App'x 174, 175 (2d Cir. 2008) (summary order) (district court did not abuse its discretion in denying leave to amend as futile for lack of subject matter jurisdiction); *Moore v. Morris*, No. 15-CV-4972 DLI LB, 2015 WL 6442716, at *2 (E.D.N.Y. Oct. 23, 2015) ("[T]his action must be dismissed for failure to state a claim because Plaintiff does not allege any conduct attributable to the State that would fall within the intended ambit of § 1983."). The Court therefore recommends that leave to amend be DENIED.

**<u>CONCLUSION</u>**

For the above reasons, the Court recommends that Defendants' motions to dismiss (Dkts. 5, 17, 19) be GRANTED, and Strong's complaint be DISMISSED in its entirety. The Court recommends that Strong's federal claims be dismissed for lack of jurisdiction and failure to state a claim and that supplemental jurisdiction over Strong's state-law claims be declined. The Court further recommends that leave to amend Strong's federal claims be DENIED as futile.

**SO ORDERED.**

**DATED:**    **August 28, 2023**
              **Buffalo, New York**

                              **s/ H. Kenneth Schroeder, Jr.**
                              **H. KENNETH SCHROEDER, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**