UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ZHANE Y. STRONG,

       Plaintiff,

v.                                    22-CV-238 (JLS) (HKS)

MUNICIPAL CITY OF LOCKPORT,
MUNICIPAL COUNTY OF NIAGARA,
J. HAYES, Social Services Worker, A.
IRONS-RINDFLEISCHM, Niagara
County Sheriff Investigator, BRANDY
DENOTE, Social Services Worker,
SUSAN B. BJORNHOLM, Assistant
District Attorney, WILLIAM WATSON,
Lockport City Court Judge, and BRIAN
D SEAMAN, Niagara County District
Attorney,
       Defendants.

───────────────────────────────

## DECISION AND ORDER

    Plaintiff commenced this action on March 22, 2022 asserting several claims—generally relating to eligibility for SNAP benefits—against Defendants under various federal and state laws. Dkt. 1. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 6.

    Before the Court are: (1) a motion to dismiss by Defendants Municipal City of Lockport ("Lockport") and Watson, see Dkt. 5; (2) an additional motion to dismiss by Watson, see Dkt. 17; (3) a motion to dismiss by Defendants County of Niagara (incorrectly named Municipal County of Niagara); Jonathan Hayes, Social Services Worker (incorrectly named J. Hayes, Social Services Worker); Amanda Irons-

Rindfleisch, Niagara County Sheriff Investigator (incorrectly named A. Irons-Rindfleischm, Niagara County Sheriff Investigator); Brandy DeNote, Social Services Worker; Susan B. Bjornholm, Assistant District Attorney; and Brian D. Seaman, Niagara County District Attorney (collectively, the "County Defendants"), *see* Dkt. 19; and (4) a motion for summary judgment by Plaintiff. *See* Dkt. 27.[1] Plaintiff opposed Defendants' motions to dismiss, Dkt. 21, and Defendants replied. Dkt. 22, 23.

On August 28, 2023, Judge Schroeder issued a Report, Recommendation, and Order ("R&R"), recommending that that this Court grant Defendants' motions, and dismiss the Complaint. Dkt. 34 at 2. Specifically, he recommends dismissal of Plaintiff's federal claims, without leave to amend, for lack of jurisdiction and failure to state a claim. *Id.* at 11-12. He further recommends that the Court decline to exercise supplemental jurisdiction over the remining state law claims. *Id.* at 12.

The County Defendants objected to the R&R. Dkt. 35. Their "objection is limited to Judge Schroeder's recommendation that this Court decline to exercise supplemental jurisdiction." *Id.* at 4. They argue that "this Court should exercise supplemental jurisdiction" and dismiss Plaintiff's state law claims "on the merits and with prejudice." *Id.* Lockport also objected, "request[ing] the same relief" as the County Defendants. Dkt. 38.

Plaintiff also objected to the R&R. Dkt. 42. Lockport and the County Defendants opposed the objections. Dkt. 44, 45. Plaintiff then filed a letter asserting that she is "entitled to a judgment as a matter of law." Dkt. 46.

---

[1] Briefing on Plaintiff's Motion for Summary Judgment is held in abeyance pending resolution of defendants' motions to dismiss. *See* Dkt. 31.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation. For the reasons above and in the R&R:

- Defendants' motions to dismiss (Dkt. 5, 17, 19) are GRANTED to the extent they seek dismissal of Plaintiff's federal claims, and such claims are DISMISSED;

- The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and, as such, those claims are dismissed without prejudice to them being asserted in state court;

- Given this disposition, Plaintiff's motion for summary judgment (Dkt. 27) is DENIED.

The Clerk of Court shall close this case.

SO ORDERED.

Dated:   June 24, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE